UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

RGI BRANDS LLC,

        Plaintiff – Amended Counterclaims Defendant,

  -v-                                                        12 CV 1369-(BSJ)(AJP)

COGNAC BRISSET- AURIGE S.A.R.L,                        EFC CASE

        Defendant – Amended Counterclaims Plaintiff
_____

**AMENDED REPLY TO FIRST AMENDED COUNTERCLAIMS AND
AFFIRMATIVE DEFENSES OF RGI BRANDS, LLC.**

      RGI BRANDS, LLC ("RGI"), by its attorney, the Law Offices of Ronald I. Paltrowitz, for its "Amended Reply to the First Amended Counterclaims ("Amended Counterclaims") of COGNAC BRISSET – AURIGE S.A.R.L ("Aurige"), alleges as follows:

**NATURE OF AMENDED COUNTERCLAIMS**

      1.    With respect to paragraph 1 of the Amended Counterclaims, RGI denies knowledge or information sufficient to form a belief as to the allegation that Aurige is a French-based manufacturer of, among other brands, Dragon Bleu vodkas and cocktails, denies the allegations that the "Marks", as defined in paragraph 1 (the "US Registered Marks"), were fraudulently obtained by RGI, denies the allegations that purport to characterize the express terms of the "Exclusive Agreement"[1], denies the allegations regarding the ownership of the US Registered Marks, that the registration of the Marks is void *ab initio*, that Aurige has or will incur any damages as a result of the registration of the US Registered Marks, and that the registrations should be cancelled or transferred and affirmatively alleges that RGI was a co-creator of the US Registered Marks and the only entity to use the US Registered Marks in interstate commerce in the United States.

---

[1] The Exclusive Distribution Agreement and the Supplemental Agreement, both dated January 14, 2008, attached as Exhibits "A" and "B" respectively to the Complaint are hereafter collectively referred to as the "Exclusive Agreement".

-1-

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Amended Counterclaims contains legal conclusions for which no answer is required.

3. Paragraph 3 of the Amended Counterclaims contains legal conclusions for which no answer is required; however, RGI alleges that both RGI and Aurige have submitted themselves to the personal jurisdiction of this Court by virtue of the terms of the Exclusive Agreement.

4. Paragraph 4 of Amended Counterclaims contains legal conclusions for which no answer is required; however, RGI alleges that both RGI and Aurige have consented to venue in this district by virtue of the terms of the Exclusive Agreement.

**THE PARTIES**

5. RGI admits the allegations in paragraph 5 of the Amended Counterclaims.

6. RGI admits the allegations in paragraph 6 of the Amended Counterclaims

**FACTS**

A. **AURIGE AND ITS DRAGON BLEU MARKS**

7. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Amended Counterclaims.

8. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Counterclaims except admits that Aurige and RGI entered into the Exclusive Agreement with respect to sales in the United States, Canada, Mexico and Israel and denies that Aurige has made sales of Dragon Bleu in the United States.

9. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Amended Counterclaims.

10. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Amended Counterclaims except denies that Aurige has used the US Registered Marks in the United States and alleges that RGI has used the US Registered Marks in the United States since at least the beginning of 2008.

11. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Amended Counterclaims except admits that RGI

has incurred thousands of dollars in expenses marketing, promoting and advertising the Dragon Bleu products (the "Products").

12. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Amended Counterclaims.

13. RGI denies that the US Registered Marks have become well known throughout the United States as a result of any efforts by Aurige and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 13 of the Amended Counterclaims.

14. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Amended Counterclaims.

**B.    Registration of Marks**

15. RGI admits that it entered into the Exclusive Agreement with Aurige on or about January 14, 2008 and refers the Court to the full texts of the Agreements for the contents thereof.

16. RGI denies the allegations in paragraph 16 of the Amended Counterclaims to the extent they purport to characterize the express terms of the Exclusive Agreement, specifically denies that Aurige was the sole owner of the trademarks required by RGI to exercise its rights under the Exclusive Agreement and alleges that the representation made by Aurige, as set forth in paragraph 16 B. of the Amended Counterclaims, was false in that Aurige did not have trademark protection for its marks in the United States at the time it made the representation.

17. RGI denies the allegations set forth in paragraph 17 of the Amended Counterclaims except admits that it distributed properly manufactured Products, was unable to distribute Products that were defectively manufactured, and was unable to continue distribution when Aurige unilaterally and without good cause refused to continue shipping the Products to RGI.

18. RGI admits the allegations in paragraph18 of the Amended Counterclaims except denies that Aurige had any trademark protection in the United States on or about January 14, 2008..

19. RGI denies the allegations set forth in paragraph 19 of the Amended Counterclaims.

20. RGI denies the allegations set forth in paragraph 20 of the Amended Counterclaims to the extent that the allegations imply that RGI refused the requests.

21. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Amended Counterclaims.

22. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Amended Counterclaims.

23. RGI denies the allegation set forth in paragraph 23 of the Amended Counterclaims that it refused to assign its registration of the US Registered Marks to Aurige.

24. RGI denies the allegations set forth in paragraph 24 of the Amended Counterclaims except admits that a meeting of RGI and Aurige representatives was held in Paris on or about March 5 and 6, 2011 and that Aurige promised to reimburse RGI of all of the costs and expenses RGI incurred in connection with the registration and defense of the US Registered Marks and further alleges that Aurige has continuously breached this promise.

25. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Amended Counterclaims.

## COUNT I:

26. RGI repeats and realleges the admissions, denials and other allegations set forth in paragraphs 1 through 25 of the Amended Reply as if fully set forth herein.

27. Paragraph 27 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies that Aurige was the exclusive owner of the Dragon Bleu Marks at the time RGI applied to register them..

28. RGI denies the allegations set forth in paragraph 28 of the Amended Counterclaims.

29. RGI denies the allegations set forth in paragraph 29 of the Amended Counterclaims.

30. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Amended Counterclaims and alleges that Aurige cannot possibly know what the Trademark Examiner would have done.

31. Paragraph 31 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies the allegations and alleges that it was the co-creator and co-owner of the US Registered Marks at the time they were registered in the United States.

32. RGI denies the allegations set forth in paragraph 32 of the Amended Counterclaims.

### COUNT II:

33. RGI repeats and realleges the admissions, denials and other allegations set forth in paragraphs 1 through 25 of the Amended Reply as if fully set forth herein.

34. Paragraph 34 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies the allegations set forth in paragraph 34 of the Amended Counterclaims and alleges that it was the co-creator and co-owner of the US Registered Marks at the time they were registered in the United States

35. RGI denies the allegations set forth in paragraph 35 of the Amended Counterclaims and alleges that it was the co-creator and co-owner of the US Registered Marks at the time they were registered in the United States.

36. RGI denies the allegations set forth in paragraph 36 of the Amended Counterclaims.

37. RGI denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Amended Counterclaims and alleges that Aurige cannot possibly know what the Trademark Examiner would have done.

38. Paragraph 38 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies the allegations and alleges that it was the co-creator and co-owner of the US Registered Marks at the time they were registered in the United States.

39. RGI denies the allegations set forth in paragraph 39 of the Amended Counterclaims.

## COUNT III:

40. RGI repeats and realleges the admissions, denials and other allegations set forth in paragraphs 1 through 25 of the Amended Reply as if fully set forth herein.

41. RGI denies the allegations in paragraph 41 of the Amended Counterclaims to the extent they purport to characterize the express terms of the Exclusive Agreement and alleges that it actively promoted, and solicited sales for, the Products until such time as Aurige breached the Exclusive Agreement by refusing to ship Products previously ordered RGI and refusing to accept additional orders.

42. RGI admits the allegations in paragraph 42 of the Amended Counterclaims.

43. RGI denies the allegations set forth in paragraph 43 of the Amended Counterclaims and alleges that it actively promoted, and solicited sales for, the Products until such time as Aurige breached the Exclusive Agreement by refusing to ship Products previously ordered RGI and refusing to accept additional orders.

44. Paragraph 44 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies the allegations.

45. RGI denies the allegations set forth in paragraph 45 of the Amended Counterclaims and alleges that any damages incurred by Aurige have been incurred solely as a result of Aurige's own actions.

## COUNT IV:

46. RGI repeats and realleges the admissions, denials and other allegations set forth in paragraphs 1 through 25 of the Amended Reply as if fully set forth herein.

47. RGI admits the allegations in Paragraph 47 of the Amended Counterclaims.

48. RGI admits the allegations in Paragraph 48 of the Amended Counterclaims.

49. Paragraph 49 contains legal conclusions for which no answer is required; however, to the extend a response is required, RGI denies that it failed to use it best efforts and further alleges that Aurige did not use its best efforts to supply the Products as required by N.Y. UCC §2-306.

50. RGI denies the allegations set forth in paragraph 50 of the Amended Counterclaims and alleges that, in fact, it was Aurige that has breached Article 2 of the Uniform Commercial Code.

51. Paragraph 51 of the Amended Counterclaims sets forth legal conclusions for which no response is required; however, to the extent a response is required, RGI denies the allegations in Paragraph 51 and alleges that, in fact, it was Aurige that has breached Article 2 of the Uniform Commercial Code.

52. RGI denies the allegations set forth in paragraph 52 of the Amended Counterclaims.

### DEFENSES

Assertion by RGI of any affirmative defense(s) or any other defense(s) shall not be deemed to be a concession or admission that RGI bears the burden of proof with respect to any of them.

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaims, and each counts thereof, fail to state a claim upon which relief, either equitable or legal, can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred, in whole or in part, by the doctrine of unclean hands. Aurige breached its contractual obligations by retaining deposits paid to Aurige by RGI and then refusing to ship the ordered Products to RGI, by refusing to replace defective Products or to refund the purchase price for the defective Product, and by refusing to accept additional orders for Products, and its wrongful and improper conduct preclude Aurige from seeking to invoke the court's equitable jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred in whole or in part by the doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to Counts I and II, Aurige has failed to exhaust its administrative remedies,

### EIGHTH AFFIRMATIVE DEFENSE

With respect to Counts I and II, the Court does not have subject matter jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's purported injury was not caused by Defendant's conduct.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its purported damages.

### RESERVATION OF RIGHTS

RGI hereby gives notice that it intends to rely upon any other defense or defenses that may become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserves the right to amend its Reply to assert any such defenses.

Wherefore, Plaintiff respectfully requests that this Court enter a judgment dismissing each of the Defendant's Amended Counterclaims in their entirety and in favor of Plaintiff and against the Defendant as follows:

    A.    awarding damages in favor of Plaintiff and against Defendant on the First Cause of Action in the amount of $306,356.00, or such other amount as may be proven at trial;

    B.    awarding damages in favor of Plaintiff and against Defendant on the Second Cause of Action in the amount of $360,000.00, or such other amount as may be proven at trial;

    C.    awarding damages in favor of Plaintiff and against Defendant on the Third Cause of Action in the amount of $250,000.00, or such other amount as may be proven at trial;

    D.    awarding damages in favor of Plaintiff and against Defendant on the Fourth Cause of Action in the amount of $100,000.00, or such other amount as may be proven at trial;

    E.    awarding damages in favor of Plaintiff and against Defendant on the Fifth Cause of Action in the amount of $10,440.00, or such other amount as may be proven at trial;

    F.    awarding Plaintiff exemplary damages in the amount of $1,000,000.00

    G.    requiring Defendant to account for its purchases of raw materials used in the manufacture and production of Products paid for by Plaintiff and to award Plaintiff damages in the amount of the overpayments as calculated;

    H.    Permanently enjoining Defendant from appointing an alternate or replacement distributor in the Territory, or any part of the Territory, as long as the Exclusive Agreement remains in force and effect;

    I.    granting Plaintiff interest in an amount to be determined after trial;

    J.    granting Plaintiff the costs and disbursements of this action including reasonable attorneys' fees; and

K.	granting Plaintiff such other, further, or different relief as the Court may deem just and proper.

Dated: New York, New York
       December 10, 2012

                                    Respectfully submitted,

                                    LAW OFFICES OF RONALD I. PALTROWITZ
                                    Attorneys for Plaintiff

                                    By: _____
                                    Ronald I. Paltrowitz
                                    1375 Broadway, 3rd floor
                                    New York, New York 10018
                                    Tel:    (917) 822-2281
                                    Fax:   (646) 218-0917
                                    E-mail: rpal@paltrowitzlaw.com