UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RGI BRANDS, LLC,

        Plaintiff/Counterclaim-Defendant,

-vs-

COGNAC BRISSET-AURIGE, S.A.R.L.,

        Defendant/Counterclaim-Plaintiff.

---

Case No. 12 CV 1369 (BSJ)(AJP)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY SULLIVAN & WORCESTER LLP TO WITHDRAW AS COUNSEL

Sullivan & Worcester LLP ("S&W"), counsel of record for defendant Cognac Brisset-Aurige, S.a.r.l. ("Defendant"), respectfully submits this memorandum of law in support of its motion, pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, to withdraw as counsel of record for defendant in the above-captioned action.

### PRELIMINARY STATEMENT

This motion to withdraw arises out of an instruction from Defendant to S&W that S&W cease all work on the case, and that it not take any further steps in the representation of the Defendant. This instruction has rendered it impossible for S&W to carry out effectively its duties as Defendant's counsel. In addition, Defendant has not paid its legal fees and costs. See generally Declaration of George O. Richardson, III, executed on January 29, 2013, submitted herewith ("Richardson Dec."). Pursuant to Local Rule 1.4, Defendant's conduct constitutes satisfactory reasons for withdrawal.

{N0333037; 1}

## ARGUMENT

### POINT I
### SULLIVAN & WORCESTER LLP HAS SUFFICIENT REASON TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, this Court may grant S&W leave of the Court to withdraw as Defendant's counsel of record. Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Courts in this jurisdiction have consistently held that "when counsel has been discharged-and agreed to the termination-the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999). Further, Rule 1.16(b)(3) of the New York Rules of Professional Conduct provides that "a lawyer shall withdraw from the representation of a client when...the lawyer is discharged." Rule 1.16(c)(10) of the New York Rules of Professional Conduct also provides that "a lawyer may withdraw from representing a client when...the client knowingly and freely assents to termination of the employment." Defendant has informed S&W that it no longer requires the services of S&W and is terminating the attorney-client relationship, therefore, this Court should grant S&W's motion for leave to withdraw.

Second, non-payment of fees is a well-established basis to grant counsel's motion to withdraw. See, e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc., WL 1676485 at *1 (S.D.N.Y. June 16, 2006) ("It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw") (quoting Promotica of America, Inc. v. Johnson

Grossfield, Inc., 2000 WL 424184 at *1 (S.D.N.Y. April 18, 2000)); Hallmark at *2 (same); Fischer at *1 (S.D.N.Y. July 18, 1997) (citing cases). Defendant has not paid S&W's bills since September, 2012. Richardson Dec. ¶ 11. Defendant has informed S&W that it is not in the position to pay S&W's bills. Id.

Based on the foregoing, S&W is compelled to withdraw as counsel of record, and has set forth sufficient reasons to do so.

## POINT II

## DEFENDANT WILL NOT BE PREJUDICED BY S&W'S WITHDRAWAL

The Defendant will not be prejudiced by S&W's withdrawal because it has informed S&W that it cannot pursue the case. In such circumstances, no prejudice will result from the request relief, and this Court should grant S&W's motion for leave to withdraw.

## CONCLUSION

For the foregoing reasons, Sullivan & Worcester LLP respectfully requests that the Court grant its motion for leave to withdraw as counsel of record.

Dated: New York, New York
January 29, 2013

SULLIVAN & WORCESTER LLP

By: /s/ George O. Richardson, III
    George O. Richardson, III
    Mitchell C. Stein

1633 Broadway
New York, NY 10019
(212) 660-3000

Counsel for Defendant/Counterclaim-Plaintiff Cognac Brisset-Aurige S.a.r.l.