UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RGI BRANDS LLC, : | |
|     Plaintiff/Counterclaim Defendant, | |
| : | |
|     -v- | Civil Action No. 12 CV 1369-(BSJ) (AJP) |
| : | |
| COGNAC BRISSET - AURIGE S.A.R.L, | |
|     Defendant/Counterclaim Plaintiff. : | |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

Ronald I. Paltrowitz, counsel of record for RGI Brands LLC ("RGI"), respectfully submits this Memorandum in Support of RGI's Motion for an Order pursuant to Rules 55(a) and 55 (b)(2) of the Federal Rules of Civil Procedure ("FRCP") granting RGI a Judgment dismissing the Counterclaim of Cognac Brisset – Aurige ("CB- Aurige") in its entirety with prejudice and awarding RGI monetary damages in an amount to be determined by the Court after an Inquest, plus costs and attorney's fees as provided in FRCP Rule 54, on the grounds that CB- Aurige has dismissed its attorneys, who have applied for and been granted leave to withdraw, has not appointed alternative counsel, cannot appear in this action *pro se,* has defaulted in its discovery obligations, and*,* as a result, has failed to, and cannot, defend this action as provided by FRCP Rule 55(a).

**PRELIMINARY STATEMENT**

This Motion was ordered as a result of an application of CB- Aurige's former counsel for leave to withdraw as counsel, which application was granted by the Court on January 29, 2013. (A copy of the "Order" is annexed as Exhibit "D" to the Declaration of Ronald I. Paltrowitz, dated February 19, 2013 ["Paltrowitz Declaration"], and filed herewith.) Pursuant to the Order, withdrawing counsel was directed to provide CB- Aurige with a copy of the Order, which stated that "[a] corporation cannot appear pro se but must be represented by counsel" and that "[RGI] is to move for default and provide proof of damages . . . ." Subsequently, withdrawing counsel confirmed to the court by affidavit that it had done so. (A copy of the Affidavit is annexed to the Paltrowitz Declaration as Exhibit "E.") As of the date of this Memorandum, CB- Aurige, despite having received service of the Order, has not appointed alternate counsel and has not made the Court aware of any intention to do so.

**ARGUMENT**

**POINT I**
**COGNAC BRISSET S.A.R.L. CANNOT APPEAR IN THIS ACTION *PRO SE***

CB- Aurige has acknowledged in its Answer to the Complaint that it is a French Société à responsabilité limitée or S.a.r.l. (See, Exhibit C to Paltrowitz Declaration, ¶2.), which is a French private limited liability company. Whether it is likened to an American corporation or limited liability company is not of importance as, in either case, it is a separate entity that may not appear in this action *pro se.*

Although the right of self-representation is provided for in 28 USCS § 1654, which allows a non-attorney to appear *in propria persona* in his or her own behalf, that privilege is personal to the individual. The non-attorney has no authority to appear as an attorney for others. This was made clear by Judge Scheindlin in *Streetbrains.com, LLC* v. *LYRIS Techs., Inc.*, 2011 U.S. Dist. LEXIS 41757 (SDNY, April 18, 2011) ("Streetbrains"). In her decision, Judge Scheindlin held that:

> It is well established "that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se.*" [Citation omitted] Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." [Citation omitted]  Therefore, at the time I granted counsel's motion to withdraw in December 2009, Streetbrains was barred from proceeding further without retaining new counsel. Although Streetbrains' managing member was informed of this rule, Streetbrains refused to retain new counsel. (*Streetbrains*, *supra*, pp. 4-5)

As noted above, the Court acknowledged in the Order that CB- Aurige could not appear *pro se*, CB- Aurige was informed of this decision and has failed to retain new counsel. Accordingly, it is respectfully submitted that CB- Aurige cannot defend this action and a default judgment should be entered. (See, Point III, *infra*, p.4.)

## POINT II
### COGNAC BRISSET S.A.R.L. IS IN DEFAULT OF ITS DISCOVERY OBLIGATIONS

CB-Aurige was served with Interrogatories and Requests for Documents on October 24, 2012. FRCP Rules 33(b)(2) and 34(b)(2) required that CB - Aurige respond to the Interrogatories and produce the requested documents within thirty (30) days of service.

FRCP Rule 33(b)(2) provides in pertinent part as follows:

> (2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

FRCP Rule 34(b)(2) provides in pertinent part as follows:

> A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served.

As of the date of this Memorandum, CB- Aurige, despite numerous requests by RGI, has not served RGI with any responses or produced any documents. (See, Paltrowitz Declaration, ¶5) Accordingly, it is respectfully submitted that CB- Aurige has been in default of its discovery obligations since on or about November 23, 2012 and a default judgment should be entered. (See, Point III, *infra*.)

**POINT III**
**WITHOUT COUNSEL, COGNAC BRISSET S.A.R.L. CANNOT DEFEND**
**AND A DEFAULT JUDGMENT MUST BE ENTERED**

FRCP Rule 55 states in pertinent part as follows:

> (a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) ENTERING A DEFAULT JUDGMENT.
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain . . . .
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

In *Streetbrains*, *supra*, the Court noted that:

> Streetbrains' refusal to hire new counsel represents a complete abdication of any intention to further prosecute the instant action. Without new counsel, any outstanding discovery could not be completed and a trial date could not be set. [Streetbrains] was on notice that if it did not retain new counsel, this case would be dismissed. (*Streetbrains*, *supra*, p. 5.)

As RGI's claims are not for a sum certain, Rule 55 (b) (2) is applicable. In ruling on this application under Rule 55 (b) (2), the Court must deem that all properly pleaded allegations in the Complaint are true. *Transatlantic Marine Claims Agency, Inc.* v. *Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) If the factual allegations in the Complaint, accepted as true, provide a proper basis for liability and relief, then the default judgment should issue. *Rolls-Royce plc* v. *Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150 (E.D.N.Y. 2010) However, since the allegations in the complaint, with respect to the amount of the damages are not deemed to be true, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate default, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." *Credit Lyonnais Sec. (USA), Inc.* v. *Alcantara*, 183 F.3d 151 (2d Cir. 1999)".

Annexed to the Affidavit of Jared Rapp, sworn to on February 19 2013 ("Rapp Affidavit"), are 48 Exhibits and three "zip files" containing numerous additional exhibits, which, taken together, should be sufficient for the Court to determine the monetary

damages that have been sustained by RGI.  RGI is also prepared, should the Court deem it necessary, to testify at an Inquest Hearing in support of its damage claims.

## CONCLUSION

Based upon the foregoing, RGI respectfully requests that the Court enter a default judgment dismissing the Counterclaim of CB - Aurige with prejudice and, after consideration of the exhibits annexed to the Rapp Affidavit and an Inquest Hearing, if deemed necessary, award RGI monetary damages and costs as the Court shall determine to be appropriate.

Dated: New York, New York
      February 19, 2013

LAW OFFICES OF RONALD I. PALTROWITZ

BY: _/s/ Ronald I. Paltrowitz_

Ronald I. Paltrowitz
Attorney for RGI Brands LLC
1375 Broadway, 3rd Floor
New York, New York 10018
917-822-2881
