UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RGI BRANDS LLC,
    Plaintiff/Counterclaim Defendant,

-v-

COGNAC BRISSET- AURIGE S.A.R.L,
    Defendant/Counterclaim Plaintiff.

Civil Action No. 12 CV 1369-(BSJ) (AJP)

---

**AFFIDAVIT OF JARED RAPP**
IN SUPPORT OF MOTION FOR ORDER AMENDING OR ADDING ADDITIONAL FINDINGS
PURSUANT TO FRCP RULE 52(B) OR
FOR RETRIAL PURSUANT TO FRCP RULE 59

STATE OF MICHIGAN   }
                          }ss.:
COUNTY OF OAKLAND  }

Jared Rapp, being duly sworn, deposes and says:

1.    I am a Member of Plaintiff/Counterclaim Defendant RGI Brands LLC ("RGI"), have personal knowledge of the facts set forth below, and respectfully submit this Affidavit in support of the Motion for Order Amending or Adding Additional Findings Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 52(B) or for Retrial pursuant to FRCP Rule 59.

2.    Magistrate Judge Andrew Peck issued a Report and Recommendation dated April 18, 2013 in regard to an inquest for damages pursuant to FRCP 55(b)(2).

3.    This Court adopted Magistrate Peck's report in its entirety in a Decision and Order entered on August 23, 2013.

4. Plaintiff submitted more than 260 pages of exhibits in connection with the Magistrate's inquest and the Courts consideration of Plaintiff's objections.

5. Affiant respectfully submits that, for the reasons that follow, an opportunity for Plaintiff to give oral evidence in connection with the exhibits previously considered by the Court would support amended and or additional findings:

6. In the alternative, Plaintiff respectfully requests that a new inquest be held at which time Plaintiff can offer both documentary and oral evidence that will fully support its damage claims. The matters at hand are very complex and those conclusions that may seem obvious to me are not necessarily obvious to others, including the Court. With that said, some specific areas of Plaintiff's documents have been called into question that could easily be clarified with a brief evidentiary hearing.

The most significant example of where the Court might benefit from oral argument would be the explanation of the foregone discount on Containers 5 and 6. This was not intended to be a discount only on Container 6, it was merely to be realized on the second invoice. It was structured this was for the Defendant's cash flor purposes.

As another example, the Court cited the contradiction between the date of discovery of negligent shipping documentation and the date of the shipping invoice, as well as the existence of a duty of care in the creation of said documentation. Another example would be the inherent difficulty in describing, within a document, the defects that affected Container 5 in such a way that they would appear clear to the Court. Oral testimony and the ability to present, describe and answer questions regarding actual physical examples of defective products would provide a better context from which the Court could base its decision. It would also give Plaintiff an opportunity to present confidential evidence to

prove payment, which can only be accomplished in some cases (as described herein) by presenting Plaintiff's full banking statements to the Court as they have now been retrieved from archives. Cancelled checks are not available in the bank's files after more than one year.

7. It is respectfully submitted that, as Plaintiff has suffered actual monetary damages substantially in excess of the amount recommended by the Magistrate and ordered by the Court, an opportunity to present explanatory oral evidence would serve the interests of justice without prejudice to Defendant, which has defaulted in this action.

8. The Court noted in its Decision and Order that there were several areas where Plaintiff sought relief and the evidence presented was insufficient for the Court to award damages. Respectfully, considering the voluminous and convoluted nature of the documentary evidence, it would have been easy to overlook certain details within the evidence provided that would have formed a sufficient basis. For example, Exhibit 5-A to Plaintiff's Supplemental Affidavit is a July 1 letter from Steven Rapp, a Manager and RGI's principal investor, to the Defendant that describes, in detail, the defects with the products in Container 5. I have already stated under oath in my previous affidavit that, based upon my personal knowledge, the affected number of defective bottles to be 2016 750ml bottles and 458 1000ml bottles. Photographic evidence is available at the bottom of the last page of Exhibit 5-A to Plaintiff's Supplemental Affidavit and in Exhibits N-1, N-1A and Exhibit N to Plaintiff's Affidavit to Judge Peck. All defective products from Container 5 have been retained.

The Court noted in regards to Lost Profits pertaining to Containers 5 and 6 that no evidence was provided showing the total number of bottles ordered. Exhibits 6 and

particularly 7 specify the total amount of products ordered. The two scenarios contemplate a difference in quantity based upon only whether the 1.75L Futura bottles would be shipped in the fifth or sixth container. The total quantity was the same. Oral argument would provide an opportunity to explain the cost and particularly the profit model to the court based upon Plaintiff's business model. Evidence of Plaintiff's revenues would not be more helpful without the benefit of understanding the breakdown.

In regards to the Balance of Advanced Payments, Exhibit 9, a document prepared by the Defendant, is very helpful to understand the balances but is completely useless without the benefit of context. Plaintiff respectfully prays that the court grant one opportunity to explain these documents so that it may have the opportunity to recover these monies that have been, at this point, converted by the Defendant.

In regards to Container 1, Exhibit 1-A to Plaintiff's Supplemental Affidavit specifies exactly how much was paid for storage. Additional evidence of storage payment is available, but this evidence consists of Plaintiff's confidential business records (such as its detailed bank statements) that Plaintiff would prefer not to make a part of the public record. Plaintiff would gladly make these records available for an in-camera inspection in New York. Additional records include payment to Customs for Federal Excise Tax. It should be noted that these documents are mostly archives that were delivered to Plaintiff only on September 10, 2013.

9. Plaintiff did note in Paragraph 5 of its Supplemental Affidavit that additional evidence had been requested from archives. Plaintiff is now in possession of numerous old invoices, including customs invoices, proof of check payments, documents and bank

statements from as far back as 2008. Plaintiff respectfully requests that this Honorable Court allow the record to be supplemented with this evidence.

### RELIEF SOUGHT

Based upon the forgoing, RGI respectfully requests that this Court provide Plaintiff with an opportunity, either pursuant to FRCP Rule 52(b) or FRCP 59, to present oral testimony to clarify previously offered documentary evidence.

*Jared Rapp*

Sworn to before me this
16th day of September 2013

_____
Notary Public

ALAN G. LADUKE
Notary Public, State of Michigan
County of Oakland
My Commission Expires Nov. 29, 2019
Acting in the County of OAKLAND