USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                         :

RGI BRANDS LLC,                                        :
                            Plaintiff,            :
                                                                    :                             12 Civ. 01369 (LGS)
                         -against-                      :
                                                                    :                             OPINION AND ORDER
COGNAC BRISSET-AURIGE, S.A.R.L.,          :
                               Defendant.        :
                                                                    :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       This case is now before the Court upon Plaintiff's Motion for Order Amending or Adding Additional Findings or for Retrial ("Motion"). For the following reasons, Plaintiff's Motion is denied.

**I.     BACKGROUND**

       Plaintiff, RGI Brands LLC, brought this action against Defendant, Cognac Brisset-Aurige, S.A.R.L., in 2012. Plaintiff sought damages for breach of the parties' distribution agreement.

       On February 20, 2013, Plaintiff moved for default judgment against Defendant, and submitted with the motion more than one hundred pages in exhibits to show damages. On April 18, 2013, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("Report") recommending that judgment be entered against Defendant on default and that Plaintiff be awarded $57,940 plus interest and costs.

       On June 3, 2013, Plaintiff filed objections to Judge Peck's Report ("Objections"), and submitted with the Objections more than 80 pages in additional exhibits. Plaintiff objected to several of Judge Peck's factual findings in the report, and sought to raise the award to $558,664.46 plus treble damages, attorney's fees and costs. On August 23, 2013, the Court adopted Judge Peck's Report in its entirety and rejected the Objections in all respects.

On September 16, 2013, Plaintiff filed this Motion and an accompanying affidavit ("Affidavit"), asking the Court to reopen the inquest on damages and amend the judgment.

## II. STANDARD

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same." *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 U.S. Dist. LEXIS 596, at *3 (S.D.N.Y. Jan. 18, 2000)). "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

## III. DISCUSSION

Plaintiff's assertions in the Affidavit can be broadly sorted into two arguments: (1) the Court failed to properly understand the evidence presented, and (2) Plaintiff has since obtained,

and hopes to present, additional evidence. Neither ground is sufficient, separately or together, to warrant a renewed fact-finding or an amendment of the judgment.

First, Plaintiff seeks variously to explain, clarify and otherwise contextualize evidence that had been presented to the Court with the motion for default judgment and the Objections. However, Plaintiff points only to evidence that he asserts the Court misunderstood, not any evidence that the Court "overlooked." *Shrader*, 70 F.3d at 257. Neither Rule 52(b) nor Rule 59(e) of the Federal Rules of Civil Procedure authorizes Plaintiff to relitigate an issue on which the Court has ruled with evidence that the Court has already taken into account. Fed. R. Civ. P. 52(b), 59(e).

Second, Plaintiff seeks to introduce new evidence. Plaintiff, however, has had ample opportunity to present evidence, and took full advantage of that opportunity by offering more than 260 pages of documents for review by Judge Peck and this Court. In any case, as has already been noted, Rules 52(b) and 59(e) are not invitations for "new facts, issues or arguments not previously presented to the court." *Wechsler*, 2004 WL 2210261, at *2. Even if the presentation of new evidence were allowed, Plaintiff's Affidavit has failed to demonstrate how such evidence "might reasonably be expected to alter the conclusion reached by the court," a high bar as articulated by the Second Circuit. *Shrader*, 70 F.3d at 257.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Order Amending or Adding Additional Findings or for Retrial is denied.

SO ORDERED.

Dated: September 20, 2013
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE